UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| | ) | |
| v. | ) | Case Number: 3:23-CR-00062-1 (OAW) |
| | ) | USM Number: 09891-014 |
| WILLIS TAYLOR | ) | |
| | ) | **John Trowbridge Pierpont** |
| | ) | Assistant United States Attorney |
| | ) | |
| | ) | **Norman A. Pattis** |
| | ) | Defendant's Attorney |

**THE DEFENDANT:** pleaded guilty to Count 1 of the Indictment.

Accordingly, the defendant is adjudicated guilty of the following offense(s):

| **Title & Section** | **Nature of Offense** | **Offense Concluded** | **Count** |
|---|---|---|---|
| Title 21, United States Code, §§ 846, 841(a)(1), 841(b)(1)(A)(vi), 841(b)(1)(A)(viii), 841(b)(1)(B)(i) & 841(b)(1)(B)(ii) | Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances | 11/18/2022 | 1 |

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**

The defendant hereby is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 138 months on count one.

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years. The Mandatory and Standard Conditions of Supervised Release as attached, are imposed. In addition, the following Special Conditions are imposed:

1. You must participate in a cognitive behavioral treatment program as directed by the Probation Office. You must follow the rules and regulations of that program. Such programs may include group sessions led by a counselor or participation in a program administered by the Probation Office.
2. You must submit your person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; you must inform any other residents/occupants that the premises/vehicle may be subject to searches pursuant to this condition.

DEFENDANT: WILLIS TAYLOR
CASE NUMBER:3:23-CR-00062-OAW(01)

3. You must participate in a program recommended by the Probation Office and approved by the court for inpatient or outpatient substance abuse treatment and testing. You must follow the rules and regulations of that program. The Probation Office will supervise your participation in the program. You must pay all or a portion of costs associated with treatment based on your ability to pay as recommended by the Probation Office and approved by the court.
4. You must participate in a program recommended by the Probation Office and approved by the court for mental health treatment. You must follow the rules and regulations of that program. The Probation Office, in consultation with the treatment provider, will supervise your participation in the program. If you are prescribed any medication, you must take it in the manner and dosage prescribed. You must pay all or a portion of costs associated with treatment based on your ability to pay as recommended by the Probation Office and approved the court.
5. Defendant is allowed to contact his son, Peter Ablondi-Taylor.

**CRIMINAL MONETARY PENALTIES**

The defendant must pay the total criminal monetary penalties under the schedule of payments as follows:

**Special Assessment:**   $100.00

**Fine:**   Waived

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are paid.

The following counts have been dismissed: Counts 4, 6, and 7 dismissed on government motion.

**JUDICIAL RECOMMENDATION(S) TO THE BUREAU OF PRISONS**

The court respectfully makes the following recommendations to the Federal Bureau of Prisons:

The court recommends that the defendant be allowed to remain in the custody of Hartford Correctional Center for at least 90 days to facilitate upcoming serious medical care, to maintain continuity of care, and to adjudicate pending state case(s). Thereafter, the court recommends that the Federal Bureau of Prisons (BOP) consider designating the defendant to a facility capable of addressing Mr. Taylor's medical needs (as determined by BOP, and as might be possible), such as to Fort Devens (the facility suggested by defense counsel).

**April 22, 2025**
Date of Imposition of Judgment

*Omar A. Williams*   Digitally signed by Omar A. Williams
Date: 2025.04.23 17:05:56 -04'00'
Signature of Judge

**OMAR A. WILLIAMS**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**April 23, 2025**
Date

**DEFENDANT: WILLIS TAYLOR**
**CASE NUMBER:3:23-CR-00062-OAW(01)**

## CONDITIONS OF SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following Mandatory Conditions are imposed as set forth by U.S.S.G. §5D1.3(a):

### MANDATORY CONDITIONS
(select all that apply)

(1) ■ You shall not commit another federal, state or local offense (see 18 U.S.C. § 3583(d)).

(2) ■ You shall not unlawfully possess a controlled substance (see 18 U.S.C. § 3583(d)).

(3) ☐ You shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of your legal residence (see 18 U.S.C. § 3583(d)).

(4) ■ You shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter, as determined by the court, for use of a controlled substance.

  ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse (see 18 U.S.C. § 3583(d)).

(5) ■ If a fine is imposed and has not been paid upon release to supervised release, you shall adhere to an installment schedule to pay that fine (see 18 U.S.C. § 3624(e)).

(6) ■ You shall ☐ (A) make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A, or any other statute authorizing a sentence of restitution; and ■ (B) pay the assessment imposed in accordance with 18 U.S.C. § 3013. If there is a court-established payment schedule for making restitution or paying the assessment (see 18 U.S.C. § 3572(d)), you shall adhere to the schedule.

(7) ☐ You shall comply with the requirements of the Sex Offender Registration and Notification Act (see 18 U.S.C. § 3583(d)).

(8) ■ You shall submit to the collection of a DNA sample at the direction of the United States Probation Office if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (34 U.S.C. § 40702).

### STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

(1) You shall report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
(2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you to report to the probation officer, and you shall report to the probation officer as instructed.
(3) You shall not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
(4) You shall answer truthfully the questions asked by your probation officer.
(5) You shall live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
(6) You shall allow the probation officer to visit you at any time at your home or elsewhere, and you shall permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
(7) You shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you shall try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
(8) You shall not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.
(9) If you are arrested or questioned by a law enforcement officer, you shall notify the probation officer within 72 hours.
(10) You shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

DEFENDANT: WILLIS TAYLOR
CASE NUMBER: 3:23-CR-00062-OAW(01)

(11) You shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
(12) You shall follow the instructions of the probation officer related to the conditions of supervision.

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____          _____
         Defendant                                 Date

         _____          _____
         U.S. Probation Officer/Designated Witness   Date


CERTIFIED AS A TRUE COPY ON THIS DATE: _____
By: _____
    Deputy Clerk


RETURN
I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____,
with a certified copy of this judgment.

                                                          Lawrence Bobnick
                                                          Acting United States Marshal

                                              By    _____
                                                          Deputy Marshal